IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE CAMILLE SEDWICK, § § § Plaintiff, § v. § DENIS RICHARD McDONOUGH, Secretary, Department of Veterans Affairs, et al., § § § § § § Defendants. § | Case No. 3:22-cv-02321-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In her Amended Complaint, *pro se* Plaintiff Jaqueline Camille Sedwick brings employment discrimination claims under Title VII against Denis Richard McDonough, Secretary of the United States Department of Veterans Affairs (VA), and several individual VA employees.[1] Although Defendant McDonough did not oppose Plaintiff's request to amend her complaint, he did not know she intended to name individual VA employees as additional defendants. Accordingly, Defendant McDonough filed a Motion to Dismiss Individual Defendants and Amend Caption (ECF No. 44). Plaintiff did not file a response or otherwise oppose the Motion. The Court should **GRANT** the Motion.

---

[1] These individuals are Kimberly Coleman-Prier, Gregory Guillermo, Alicia Wright, Nicole Giles, Rocky Watkins, Dr. Stephen R. Holt, Froylan Garza, Thomas Lane, Josh Odom, Colleen Ewing, Joyce Johnston, Kenrick Brown, and Elizabeth Daniels.

1

Under Title VII, the only proper defendant in a civil action by a federal employee is the head of the department, agency, or unit. 42 U.S.C. § 2000e-16(c). Here, Plaintiff is a VA employee. Thus, Defendant McDonough, as the Secretary of Veterans Affairs, is the only proper defendant in this Title VII action against her employer. The Court should **GRANT** Defendant McDonough's Motion and **DISMISS** with prejudice Plaintiff's claims against all Defendants except Denis Richard McDonough. *Reyna v. Donley*, 479 F. App'x 609, 611 (5th Cir. 2012) (affirming dismissal of individual employee as defendant in federal employee's Title VII action and citing 42 U.S.C. § 2000e-16(c)).

**SO RECOMMENDED.**

January 10, 2024

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).