IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE CAMILLE SEDWICK, § § § § Plaintiff, § § v. § Case No. 3:22-cv-02321-S-BT § DENIS RICHARD McDONOUGH, § Secretary, Department of Veterans § Affairs, § § § Defendant. § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Bill of Costs (ECF No. 119) and Plaintiff Jacqueline Sedwick's Opposition to Defendant's Bill of Costs (ECF No. 127).[1] For the reasons explained below, the District Judge should SUSTAIN in part Sedwick's objections and ORDER Sedwick to pay $4,293.28 of Defendant's costs.

## *Background*

Sedwick sued Defendant on October 17, 2022, alleging that she experienced racial discrimination, a hostile work environment, retaliation, and constructive discharge. *See generally* Am. Compl. (ECF No. 36). The Court granted Defendant's

---

[1] Sedwick inadvertently filed responses and objections to Defendant's Bill of Costs, *see* ECF Nos. 120 & 122, but then requested leave to file her intended opposition. *See* Mot. for Leave (ECF No. 124). The Court granted Sedwick's request and ordered the Clerk to file on the docket Sedwick's intended opposition. *See* Order at 1–2 (ECF No. 126).

1

Motion for Summary Judgment and entered judgment in favor of Defendant. *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 115); Order (ECF No. 117); J. (ECF No. 118). Thereafter, Defendant filed its Bill of Costs seeking to tax $5,042.28 against Sedwick pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). *See* Def.'s Bill of Costs (ECF No. 119). Specifically, Defendant seeks fees for printed and electronically recorded transcripts necessarily obtained for use in the case. *Id.* at 2. Sedwick timely filed her opposition to Defendant's Bill of Costs.[2]

## *Legal Standard*

A prevailing party in a civil action is entitled to recover its costs unless the Court otherwise directs. Fed. R. Civ. P. 54(d)(1). But "taxable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Under 28 U.S.C. § 1920, taxable costs include:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

---

[2] The Court advised the parties that "[a]fter Defendant files a reply, briefing will be closed, and the Court will strike additional briefings regarding the Defendant's bill of costs." Order at 2 (ECF No. 126). Despite the Court's instructions, Sedwick filed a Reply to Defendant's Response to Opposition to Bill of Costs (ECF No. 131) and a Notice of Clarification Regarding Plaintiff's Reply to Defendant's Response to Opposition of Bill of Costs (ECF No. 132). Accordingly, the Court STRIKES these filings for failure to comply with the Court's Order.

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court "may decline to award the costs listed in [§ 1920] but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam); *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). "If the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed." *Harris v. Dall. Cnty. Hosp. Dist.*, 2016 WL 8674685, at *2 (N.D. Tex. Aug. 5, 2016) (Horan, J.) (quoting *Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717 (S.D. Tex. 2015)). However, "[a]n objection shifts that burden to require the party seeking costs to show that the costs were necessary." *Id.*

### *Analysis*

Sedwick objects to the entirety of Defendant's Bill of Costs, contending that (1) Defendant's choice to obtain copies of the depositions transcripts of Sedwick,

Gregory Guillermo, and Kimberly Coleman-Prier are "discretionary expenses, not taxable costs," (2) Defendant's fees for obtaining a transcript and audio synchronized CD of Sedwick's deposition "exceed[s] local norms and include[s] non-taxable enhancements," and (3) Defendant's Bill of Costs is a "punitive maneuver that undermines the principles of equity, access to justice, and civil rights enforcement." Pl.'s Opp. at 2–3 (ECF No. 127). The Court disagrees with Sedwick's opposition and finds that Defendant has satisfied its burden to show that the deposition transcripts were necessarily obtained for use in the case. However, the Court agrees with Sedwick's objections regarding the audio synchronized CD, rough draft costs, and administrative fees, and accordingly, Defendant's Bill of Costs should be reduced by $749.00.

## A. Original Deposition Transcripts

A court may tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This District holds that "[t]he cost of a deposition is taxable if the court finds that 'all or any part of the deposition was necessarily obtained for use in the case.'" *Woodberry v. Dall. Area Rapid Transit*, 2017 WL 1408826, at *2 (N.D. Tex. Apr. 20, 2017) (Lindsay, J.) (quoting *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984)). "Section 1920(2) authorizes recovery of the cost for [written deposition transcripts] so long as, at the time that a transcript was obtained . . . [it] could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for

4

discovery." *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 790 (N.D. Tex. 2014) (citing *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (per curiam) and *Fogleman*, 920 F.2d at 285).

Here, the District Judge should find that Defendant has met its burden to show that the costs of obtaining the original deposition transcripts of Gregory Guillermo, Kimberly Coleman-Prier, and Sedwick were necessary for trial preparation. Indeed, Defendants cite to the deposition transcripts in their successful motion for summary judgment. And it is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party. *Leal v. Magic Touch Up, Inc.*, 2019 WL 162885, at *2 (N.D. Tex. Jan. 9, 2019) (Ramirez, J.).

As the original deposition transcripts of Sedwick, Guillermo, and Coleman-Prier were reasonably expected to be used during trial preparation and were in fact used in Defendant's motion for summary judgment, the District Judge should OVERRULE Sedwick's objections as to the original deposition transcript costs.

*B. Audio Synchronized CD, Administrative Fees, and Rough Drafts Costs*

Sedwick next contends that the deposition rates "exceed local norms and include non-taxable enhancements." Pl.'s Opp. at 2 (ECF No. 127). Sedwick specifically objects to the fees associated with obtaining an audio synchronized CD of her deposition. *Id.* The Fifth Circuit has noted that "federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Uni. Of Tex. Hous. Heath Sci.*

5

*Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987)). Incidental costs associated with taking the depositions are generally not recoverable. *Leal*, 2019 WL 162885, at *2 (collecting cases).

Defendant should not be awarded incidental costs associated with the depositions, such as the audio synchronized CD, administrative fees, and rough draft costs. *See Leal*, 2019 WL 162885, at *2 ("Incidental costs associated with taking the depositions . . . such as the costs for disks . . . are generally not recoverable."); *Bevill v. City of Quitman*, 2025 WL 2470073, at *8 (E.D. Tex. Aug. 27, 2025) ("This Court has refused to award the types of incidental costs [p]laintiff seeks, including costs for expedited delivery, as well as costs attributable to ASCII disks, rough drafts, condensed transcripts, and real time reporting."); *Mercer v. Patterson-UTI Drilling Co., LLC*, 2016 WL 10951286, at *2 (S.D. Tex. Oct. 20, 2016) (sustaining objection as it related to administrative and rough draft fees).

This District has held that fees for videotaped depositions are necessarily incurred when the case is complex, and the credibility of the witnesses are sharply disputed. *Antero v. Resources Corp. v. C&R Downhole Drilling*, 2022 WL 21697287, at *2 (N.D. Tex. Oct. 6, 2022) (Means, J.) (collecting cases). However, this case was not particularly complex, and the credibility of the witnesses was no more disputed in this case than in similar cases. The circumstances of this matter do not justify awarding costs for an audio synchronized CD as well as a transcript of Sedwick's deposition.

The Court should SUSTAIN Sedwick's objections as to the incidental costs associated with the depositions, including the audio synchronized CD of her deposition, administrative fees, and rough draft costs.

### C. Equitable Considerations

Finally, Sedwick argues that "equitable grounds" justify denying Defendant's Bill of Costs, mainly that she "is a *pro se* litigant who challenged systemic retaliation and racism within a federal agency." Pl.'s Opp. at 2 (ECF No. 127). In sum, Sedwick alleges that Defendant's Bill of Costs is a "punitive maneuver" designed to "penalize her for asserting her rights." *Id.* at 2–3.

In support of her contentions, Sedwick cites to *Ass'n of Mex.-Am. Educators v. State of Cal.*, 231 F.3d 572 (9th Cir. 2000) (analyzing the bill of costs for an action challenging the constitutionality of a state-imposed testing system for teachers that allegedly had a disproportionate, adverse impact on minority teaching candidates).[3] Sedwick's reliance is misplaced. As an initial matter, a ruling from the Ninth Circuit does not bind this Court. Further, the case presented to the Ninth Circuit is not analogous to Sedwick's case. The instant action did not involve "close and complex issues" and "extraordinarily high" costs. *Id.* at 593. Rather, many of Sedwick's civil rights claims were barred by the Civil Service Reform Act, and the Court found that Sedwick failed to allege *prima facie* cases for

---

[3] In support of this argument, Sedwick also cites to *Whitfield v. Board of County Comm'rs*, 837 F. Supp. 3d 1229, 1242 (D. Kan. 2011). *See* Pl.'s Opp. at 3 (ECF No. 127). However, the Court was unable to locate this case.

7

her remaining civil rights claims. *See generally* Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 115).

The Court finds no basis to deny Defendant's Bill of Costs on equitable grounds, and the District Judge should OVERRULE Sedwick's objection. *See Williams v. Waste Mgmt., Inc.*, 2019 WL 3240751, at *1–2 (N.D. Tex. May 31, 2019) (Horan, J.) (rejecting *pro se* plaintiff's argument that bill of costs should be denied due to plaintiff's inability to pay costs because the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs"), *adopted by* 2019 WL 3239249 (N.D. Tex. July 19, 2019) (Lindsay, J.); *Cruz v. Mattis*, 2018 WL 2299044, at *3 (N.D. Tex. May 21, 2018) (Ramirez, J.) (awarding in part the Secretary of the U.S. Department of Defense's bill of costs against a represented individual); *Thomas v. DeJoy*, 2025 WL 1448729, at *1 (S.D. Tex. May 1, 2025) (awarding Postmaster General of the United States Postal Service's bill of costs against *pro se* plaintiff who alleged disability discrimination and retaliation claims), *adopted by* 2025 WL 1446029 (S.D. Tex. May 20, 2025).

### *Recommendation*

For the reasons stated, the District Judge should SUSTAIN in part Sedwick's objections to Defendant's Bill of Costs and ORDER Sedwick to pay $4,293.28 to Defendant.

**SO RECOMMENDED.**

December 10, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).