# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE CAMILLE SEDWICK | § § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-2321-S-BT |
| DENIS RICHARD MCDONOUGH, Secretary, Department of Veterans Affairs | § § § § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

In support of the Motion for Summary Judgment, Defendant attached the deposition transcripts of Plaintiff, Gregory Guillermo, and Kimberly Coleman-Prier. *See* Def.'s Mot. for Summ. J. App. at 644-82 [ECF No. 93-5], 736-67 [ECF No. 93-6], 990-1093 [ECF Nos. 93-10 and 93-11]. Because the Court finds that the deposition transcripts were necessarily obtained for use in the case, Defendant may recover the costs associated with the original deposition transcripts for those deponents. *See Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-662-O, 2019 WL 162885, at *2 (N.D. Tex. Jan. 9, 2019) (Ramirez, J.) ("It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party.") (quoting *Favata v. Nat'l Oilwell Varco, LP*, No. 2:12-CV-82, 2014 WL 5822781, at *3 (S.D. Tex. Nov. 10, 2014)); *Woodberry v. Dall. Area Rapid Transit*, No. 3:14-CV-3980, 2017 WL 1408826, at *1-2

(N.D. Tex. Apr. 20, 2017) (Lindsay, J.) (stating that failure to cite to or rely on deposition transcript in motion for summary judgment did "not end the inquiry" regarding taxable costs under 28 U.S.C. § 1920); *see also Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) ("If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.").

Accordingly, Defendant's Bill of Costs [ECF No. 119] is **GRANTED IN PART**, and Plaintiff is **ORDERED** to pay Defendant $4,293.28.

**SO ORDERED.**

SIGNED January 5, 2026.

_____
**UNITED STATES DISTRICT JUDGE**