IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JACQUELINE CAMILLE
SEDWICK,

    Plaintiff,

v.

DENIS RICHARD McDONOUGH,
Secretary, Department of Veterans
Affairs,

    Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 3:22-cv-02321-S-BT

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Jacqueline Sedwick's Motion for Reconsideration and Recalculation of Post-Judgment Deadlines (ECF No. 125). For the reasons stated, the Court should **DENY** Sedwick's Motion.

*Background*

Sedwick asserted claims against Defendant for racial discrimination, hostile work environment, retaliation, and constructive discharge. *See generally* Am. Compl. (ECF No. 36). The Court granted Defendant's Motion for Summary Judgment and entered judgment in favor of Defendant on September 19, 2025. *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR") (ECF No. 115); Order Accepting FCR (ECF No. 117); J. (ECF No. 118). Thereafter, on October 20, 2025, Sedwick filed her Motion for

Reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b)(4) (ECF No. 125).

Defendant filed a response to Sedwick's Motion (ECF No. 129). Rather than filing

a reply, Sedwick moved to strike Defendant's response (ECF No. 130), which was

denied. Order (ECF No. 141); *see also* Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. to

Strike (ECF No. 134). The Motion for Reconsideration is ripe for adjudication.

### *Legal Standards[1]*

### *Rule 59(e)*

Relief under Rule 59(e) "is appropriate (1) where there has been an

intervening change in the controlling law; (2) where the movant presents newly

discovered evidence that was previously unavailable; or (3) to correct a manifest

error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir.

2012) (per curiam) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567

(5th Cir. 2003)). District courts enjoy discretion in deciding whether to reopen a

---

[1] Generally, "motions for reconsideration" are analyzed under Rule 59(e) or Rule 60(b), depending on the timing of filing. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)" and "[i]f the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.") (internal citations omitted). Here, Sedwick filed her Motion for Reconsideration thirty-one days after the Final Judgment. *See* J. (ECF No. 118) (entered on September 19, 2025); Pl.'s Mot. for Recons. (ECF No. 125) (filed on October 20, 2025). But she also sought an extension of time to file her Motion on October 17, 2025. *See* Mot. to Extend Time to File Mot. for Reconsideration (ECF No. 123). Therefore, the Court considers Sedwick's arguments under both Rule 59(e) and Rule 60(b).

case under Rule 59(e). *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). But a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citations omitted). In striving to strike a balance between the need for finality and the need to render just decisions on the basis of all the facts, "the Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of [these motions].'" *Greenidge v. Carter*, 2024 WL 4183523, at *1 (N.D. Tex. May 21, 2024) (Lindsay, J.) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

### *Rule 60(b)*

"'[R]elief under Rule 60(b) is considered an extraordinary remedy,' and the 'desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Haygood v. Dies*, 2023 WL 2326424, at *4 (5th Cir. Mar. 2, 2023) (per curiam) (internal footnotes omitted) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)). The moving party carries the burden of showing entitlement to relief under any provision of Rule 60(b), and the district court has considerable discretion in determining whether that burden has been satisfied. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir.

1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994) (en banc) (per curiam).

### *Analysis*

Sedwick moves for reconsideration on seven different grounds: (1) the District Judge failed to conduct a de novo review of the FCR, (2) the Court allegedly denied Sedwick an opportunity to rebut new arguments in a sur-reply, (3) the Court failed to preserve and consider relevant documentary evidence, (4) the Court wrongfully compelled the production of Sedwick's medical records, (5) the FCR misapplied the election of remedies doctrine, (6) Sedwick did not receive CM/ECF notifications of certain docket entries, and (7) the FCR relied on incomplete and unauthenticated agency records. *See* Pl.'s Mot. for Recons. at 2–11 (ECF No. 125). Sedwick specifically moves for relief under Rule 59(e) and Rule 60(b)(4). *Id.* at 1.

### *Rule 59(e)*

Sedwick rests her request for relief under Rule 59(e) on her contentions that the Court committed manifest errors of law and fact. *See* Pl.'s Mot. for Recons. at 2 (ECF No. 125) ("Rule 59(e) relief is available where the court's decision rests on manifest factual or legal error or where material evidence was overlooked."), 9 ("Reconsideration is warranted under Rule 59(e) to correct these manifest legal and factual errors."). For the reasons set forth below, Sedwick's various arguments that the Court committed manifest factual and legal errors are unavailing and represent attempts to relitigate matters previously rejected by the Court. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, n.5 (2008) (Rule 59(e) "may not be used to

relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Sedwick does not point to any intervening change in controlling law or present newly discovered evidence that was previously unavailable that would otherwise entitle her to relief under Rule 59(e). As Sedwick has not satisfied any of the requirements justifying the "extraordinary remedy" of reconsideration of the judgment, the Court should deny her motion for relief under Rule 59(e).

## *Rule 60(b)*

Under Rule 60(b)(4), a court may grant relief from a final judgment, order, or proceeding if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment may be set aside under Rule 60(b)(4) in two circumstances: "1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law." *Callon Petrol. Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). "If a court has both subject matter and personal jurisdiction, however, the 'only inquiry is whether the district court acted in a manner so inconsistent with due process as to render the judgment void.'" *Id.* at 210 (quoting *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)). "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction." *Id.* Additionally, "procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." *Id.* (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir.1982)) (cleaned up).

1.  Failure to Conduct De Novo Review

First, Sedwick argues that relief is warranted because the District Judge's Order Accepting the FCR constitutes a "silent adoption" which "deprived [her] of the statutory de novo review required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)[.]" Pl.'s Mot. for Recons. at 2–4 (ECF No. 125). In support of her first argument, Sedwick cites *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) and *Acosta v. City of Austin*, 2022 WL 1694862 (5th Cir. May 26, 2022).

Sedwick, however, misconstrues Fifth Circuit precedent. *Douglass* stands for the proposition that a party may file specific written objections to the FCR and "thereby secure de novo review by the district court." *Douglass, 79 F.3d at 1420*. Despite Sedwick's assertions, this decision does not hold that "silent adoption without meaningful engagement—especially where specific objections identify contested facts and newly raised reply assertions—warrants vacatur and reconsideration." Pl.'s Mot. for Recons. at 4 (ECF No. 125). And Defendant correctly notes that "*Douglass* does not require a court to issue a written opinion analyzing a party's objections to the magistrate judge's recommendation." Def.'s Resp. at 7 (ECF No. 129). Although Sedwick also cites *Acosta v. City of Austin*, 2022 WL 1694862 (5th Cir. May 26, 2022) in support of this argument, the Court could not locate this case.[2]

---

[2] The inaccuracies in Sedwick's brief are typical of unverified, AI-generated filings, which have become an increasing concern for courts in recent years. While no federal or local rule explicitly prohibits the use of artificial intelligence in litigation, all parties—including those proceeding pro se—must fulfill their obligations under

Contrary to Sedwick's assertions, the District Judge's Order Accepting the FCR complies with Fifth Circuit precedent. In *Scott v. Alford*, the Fifth Circuit reviewed a district judge's order accepting the magistrate judge's FCR that read: "The Court has conducted a careful de novo review of the pleadings and testimony in this cause, the Report of the Magistrate Judge, and the Defendants' objections thereto. Upon such a review, . . . the Court has determined that the Magistrate Judge was correct." *Scott v. Alford*, 1995 WL 450216, at *3 (5th Cir. July 6, 1995) (per curiam) (alternations in original). The Fifth Circuit held that "[s]uch language constitutes sufficient proof that the district court conducted a de novo review in accordance with 28 U.S.C. § 636(b)(1)(C)." *Id.*

Here, the District Judge's Order Accepting the FCR states:

> The United States Magistriate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation the United States Magistrate Judge.

Order Accepting FCR at 1 (ECF No. 117) (emphasis in original). This language is sufficient evidence that the District Judge conducted a de novo review of the FCR. Therefore, Sedwick's first argument for relief is unavailing.

---

Federal Rule of Civil Procedure 11(b), which requires lawyers and unrepresented parties alike to certify that, after a reasonable inquiry, their legal contentions are warranted by existing law. Consequently, this duty necessitates a careful review of AI-generated statements and citations to ensure accuracy.

2. Denial of Opportunity to Rebut New Arguments and Termination of Supplemental Evidence

Next, Sedwick contends that the Court's order denying Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Summary Judgment "foreclosed [her] ability to rebut reputational assertions and authenticate evidence." Pl.'s Mot. for Recons. at 4 (ECF No. 125). As the Court previously stated, "[s]urreplies are 'heavily disfavored, and the decision to allow a sur-reply lies within the district court's discretion.'" Order (ECF No. 111) (quoting *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024)). Additionally, when a party provides new evidence for the first time in a reply, the district court has the discretion to decline to rely on that new evidence, which the Court did in this case. *Id.* ("If the Court finds that Defendant identifies new arguments in his Reply brief, it will not consider them.") (citing *Ga. Firefighters' Pension Fund,* 99 F.4th at 774). Thus, Sedwick's second argument is not an adequate basis for relief.

3. Authentication of Agency Assertions

Sedwick alleges that the Court improperly granted Defendant's Motion for Summary Judgment because the FCR "credited agency assertions without requiring authentication," and the District Judge "adopted these findings wholesale, without correcting the evidentiary gaps or requiring supplementation." Pl.'s Mot. for Recons. at 6 (ECF No. 125). In support of this argument, Sedwick

contends that "courts routinely require supplementation or custodial declarations before crediting agency assertions." *Id*.

In this case, Defendant provided four declarations from employees authenticating documents used in support of the Motion for Summary Judgment. *See* Decl. of Jennifer E. Foster at 1, ¶ 3 (ECF No. 100-1); Decl. of Kimberly Coleman Prier at 593, ¶ 5 (ECF No. 100-3); Decl. of Gregory Guillermo at 685, ¶ 8 (ECF No. 100-4) (all declaring that the documents attached to the declarations are maintained by the VA; made at or near the time by, or from information transmitted by, someone with knowledge; kept in the course of the VA's regularly conducted activity; were a part of a regular practice of the VA's activities; and are true and correct copies of documents created, received, and/or reviewed in the course of employment); *see also* Decl. of Deatra Childress at 768–69, ¶ 4 (ECF No. 100-5) (declaring to the veracity of files related to Sedwick's EEO complaints). Therefore, Sedwick's assertion that the Court inappropriately relied on "unauthenticated documentary assertions" in adjudicating Defendant's Motion for Summary Judgment is unsupported by the record.

4. Compelled Medical Records

Sedwick next alleges that the Court improperly relied on "records obtained through informal or coercive means without proper authentication." Pl.'s Mot. for Recons. at 7 (ECF No. 125). Specifically, Sedwick implies that the Court coerced her to sign medical releases. *See id*. at 6 ("Plaintiff complied under threat of dismissal."). However, the Court was well within its discretion to compel Sedwick

to sign the authorization for release of her medical records because she placed her mental and physical health at issue by seeking damages for "mental anguish," "psychiatric and medical expenses," and "future medical and psychiatric expenses to cope with the mental, emotional, psychological, and physical effects of the persistent and pervasive race discrimination, retaliation, harassment, hostile work environment, [and] mental anguish Plaintiff was subjected to." *See* Am. Compl. at 24 (ECF No. 36); Discovery Order at 26–28 (ECF No. 69) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 471 (N.D. Tex. 2005)); *see also Coleman v. Cedar Hill Ind. Sch. Dist.*, 2022 WL 1470957, at *3 (N.D. Tex. May 10, 2022) (Fitzwater, J.) (explaining that courts "may compel parties to sign written releases or authorization forms consenting to the production of various documents"). And despite Sedwick's contention that these medical disclosures "circumvented Rule 45 enforcement procedures," Sedwick used Rule 45 to challenge the subpoenas to her medical providers in two motions to quash, which the court denied. Pl.'s Mot. for Recons. at 7 (ECF No. 125); *see also* Pl.'s First Mot. to Quash (ECF No. 72); Pl.'s Second Mot. to Quash (ECF No. 82); Order at 8–9 (ECF No. 90) (denying Sedwick's motion to quash under Rule 45 because her medical and insurance records were relevant to the dispute and rejecting Sedwick's right to privacy argument). Sedwick's claim that her medical records were improperly compelled lacks merit, and therefore, is not a proper basis for relief.

5. Election of Remedies Doctrine

Sedwick also argues that the Court misapplied the election of remedies doctrine by failing to consider that the Union filed the grievances and not herself. Pl.'s Mot. for Recons. at 7–9 (ECF No. 125). As explained in the FCR, other courts have "found that an election of remedies is made when the employee *or* a union representative on the employee's behalf initiates the grievance process." FCR at 13 (ECF No. 115) (citing *René v. Granholm*, 2022 WL 17820342, at *2 (D.D.C. Dec. 20, 2022) and *Redmon v. Mineta*, 243 F. App'x 920, 922 (6th Cir. 2007)) (emphasis in original). Sedwick's Motion for Reconsideration merely rehashes arguments that have already been rejected by the Court, and therefore, she is not entitled to relief under Rule 60(b). *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 33–34 (ECF No. 105) (arguing that the election of remedies did not preclude her claims because she "never personally initiated the grievance process").

6. Service Defect and Jurisdictional Challenge

Finally, Sedwick claims that her due process rights were violated because she failed to receive notifications of electronic filing of the District Judge's Order Accepting the FCR (ECF No. 117) and Judgment (ECF No. 118). Pl.'s Mot. for Recons. at 9 (ECF No. 125). In a separate filing, Sedwick alleges that electronic service "does not satisfy the Court's own directives, which falsely stated that Plaintiff was not registered for electronic service and ordered manual transmission by mail." Pl.'s Not. at 2 (ECF No. 121). Sedwick requests that the Court "[d]etermine whether verified service of [the Order Accepting the FCR and

11

Judgment] occurred in accordance with CM/ECF procedures and constitutional notice standards," or alternatively, "vacate the judgment under Rule 60(b)(4) or recalculate all post judgment and appellate deadlines from the date of verified service." Pl.'s Mot. for Recons. at 10 (ECF No. 125).

Although not entirely clear, the Court believes Sedwick's argument stems from the Judgment. In the Judgment, the District Judge stated: "IT IS FURTHER ORDERED that the Clerk shall transmit a true copy of this Judgment and the Order Accepting the Findings, Conclusions and Recommendations of the United States Magistrate Judge to the parties and their counsel." J. (ECF No. 118) (emphasis omitted). As Sedwick is registered as a CM/ECF user, the Order Accepting the FCR and Judgment were electronically transmitted to her via email, which is reflected on the docket. Indeed, Sedwick admits that she eventually received email notifications via CM/ECF of the documents she states violated her due process rights. *See* Pl.'s Not. at 2 (ECF No. 121) ("Although Plaintiff ultimately received copies of Dkt. #117 and Dkt. #118 via CM/ECF email notification . . . ."); Supp. Obj. to Bill of Costs at 1 (ECF No. 122) (same). Nowhere in the Judgment did the District Judge require the Clerk of Court to physically mail a copy of the Order Accepting the FCR and Judgment to Sedwick. And nowhere in the Judgement did the District Judge "falsely" state that Sedwick was not registered for CM/ECF. Therefore, Sedwick's due process rights were not violated, and this argument does not void the judgment under Rule 60(b)(4).

7. Remaining Arguments

None of Sedwick's arguments demonstrate a basis for relief under Rule 60(b)(4). However, even liberally construing Sedwick's Motion for Reconsideration under Rule 60(b)(6), Sedwick cannot prevail. Rule 60(b)(6) allows the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In other words, Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007); *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (describing Rule 60(b)(6) as a "catch all" provision and relief requires "extraordinary circumstances" not already covered by the preceding five rules).

Sedwick has not demonstrated any extraordinary or exceptional circumstances that would entitle her to relief. Rather, her Motion for Reconsideration is merely an attempt to rehash previously rejected arguments. *See Lyles v. Seacor Marine, Inc.*, 555 F. App'x 411, 412 (5th Cir. 2014) (per curiam) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments.") (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007)); *Alfred v. Allen Correctional Ctr.*, 317 F. App'x 420, 421 (5th Cir. 2009) (per curiam) ("A district court does not abuse its discretion by denying a Rule 60(b) motion wherein the movant merely rehashes his prior arguments without making a showing that his request for reconsideration is based on one of the statutory grounds.") (citing

13

*Matter of Colley*, 814 F.2d 1008, 1010–11 (5th Cir.1987)); *Deutsche Bank Nat'l Tr. Co. as Tr. of Aames Mortg. Inv. Tr. 2005-1 v. Mortberg*, 2021 WL 2793928, at \*2 (E.D. Tex. Apr. 27, 2021) ("A Rule 60(b) motion cannot be used to rehash arguments or reassert allegations that have already been considered.").

### *Recommendation*

For the reasons stated, the District Judge should **DENY** Sedwick's Motion for Reconsideration and Recalculation of Post-Judgment Deadlines (ECF No. 125).

**SO RECOMMENDED.**

May 5, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

14